Zimmerman, J.
 

 Seeking a reversal of the judgment below, appellants contend that the word “heirs” in the phrase “their heirs and assigns forever,” used
 
 *52
 
 in item six of the will of Pauline E. Rehberg, is a word of limitation; that although Section 10504-73, General Code, provides for a substitution of devisees under described conditions, it does not by operation of law or otherwise pass or give any property to the substituted devisee; that the will and not the statute passes or gives the property to the substituted devisee; that Carrie Huber and not Florence Bredbeck acquired the right under Section 10504-73, General Code, to be substituted as a devisee in item six of the will involved in placo of Rose Bredbeck, and hence Carrie Huber’s executor, in his representative capacity, is entitled to receive the entire residuary estate disposed of by item six of Pauline E. Rehberg’s will.
 

 On the other hand, Florence Bredbeck contends that by force of Section 10504-73, General Code, she as the “issue” of Rose Bredbeck was substituted for her adopting mother in item six of the will and that in accord v/ith Section 10512-19, General Code (114 Ohio Laws, 474), she, as an adopted child of Rose Bred-beck, is enabled to assert such claim successfully.
 

 It is at once apparent that a decision in this case turns on the effect and meaning of Sections 10504-73 and 10512-19, General Code, as applied to item six of the will of Pauline E.’ Rehberg. This is conceded by the appellants in their reply brief, where they say: “Since all parties agree that no ambiguity exists in the statutes, and there is no need for the court to construe them, the only problem in this case becomes one of applying the statutes as they stand to the facts.”
 

 Section 10504-73, General Code, reads:
 

 “When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate
 
 *53
 
 devised as the devisee would have done, if he had survived the testator. If such devisee leaves no issue and the devise he of a residuary estate or of the. entire estate after (a) debts, (b) other legacies and devises, general or specific, (c) a life estate, or (d) any other interest less than a fee or absolute ownership, to such devisee and one or more children or relatives of the testator, the estate devised shall pass to and vest in such other devisee or devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition be made or required by the will.”
 

 So much of Section 10512-19, General Code, as affects this case provided:
 

 “* * * and the [adopted] child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock; provided, such child shall not be capable of inheriting property expressly limited to the heirs of the body of the adopting parent or parents; but shall be capable of inheriting property expressly limited by will or by-operation of law to the child or children, heir or heirs at law, or next of kin, of the adopting parent or parents-, or to a class including any of the foregoing
 

 The above statutes were in full force and effect before Pauline E. Behberg made her will and the codicil thereto, and remained continuously effective without amendment until her death; However, the foregoing provision of Section 10512-19, General Code, was later incorporated in Section 10512-23, General Code (120 Ohio Laws, 440).
 

 Testatrix chose the words used in item six of her
 
 *54
 
 will -’and the presumption exists that she was acquainted with the quoted statutes, their judicial interpretation and the effect they might have on the devolution of her estate. 41 Ohio Jurisprudence, 649, Section 520.
 

 Appellants insist that the words “their heirs and assigns forever,” as used in item six of Pauline E. Rehberg’s will, are words of limitation and not of purchase. They argue that by the employment of such words a fee simple estate was given to Rose Bredbeck and, since she died before the testatrix, Florence Bredbeck can take nothing.
 

 Such contention was rejected by both lower courts. The rule is well established that the term “heirs” is a flexible one and may be treated as a word of purchase when such is the intention of the testator as ascertained from a consideration of the entire contents of his will. 41 Ohio Jurisprudence, 666, Section 543.
 

 Upon the basis of such rule, the courts below reached the conclusion that the testatrix employed the term “their heirs and assigns forever” not as a limitation but as substitutionary in portent, and that the residuary devise and bequest to Rose Bredbeck did not lapse upon her death prior to that of the testatrix.
 

 Taking into account the whole of item six and. the codicil of the will wherein the lapsing of bequests was provided for in the event designated beneficiaries did not survive the testatrix, we are of the opinion .that the lower courts were justified in such interpretation. Moreover, conceding at this point the eligibility of Florence Bredbeck to succeed to the estate given her adopting mother in item six of the will, the writer of this opinion is inclined to agree with the assertion in the brief of counsel for Florence Bredbeck, “that she would still be entitled to her mother’s share if the words ‘their heirs and assigns forever’ had not been included at all.”
 

 
 *55
 
 Testatrix being chargeable with knowledge that under the provisions of Section 10504-73, General Code, commonly called the anti-lapse statute, the “issue” of Rose Bredbeck would be substituted for her-if Rose did not survive to take under the will, it is to be presumed that the testatrix was agreeable to such a result.
 

 We now come to an examination of Section 10512-19, General Code, as it pertains to this case.
 

 Sections 10504-73 and 10512-19, General Code, were enacted as a part of -the new Probate Code of 1932, became effective at the same time, and related to the subject of who shall take property of a deceased person in certain contingencies. They were
 
 in pari materia
 
 and should be read together where a case is presented calling for the application of both.
 

 In the case of Phillips,
 
 Exr.,
 
 v.
 
 McConica, Gdn.,
 
 59 Ohio St., 1, 51 N. E., 445, 69 Am. St. Rep., 753, this court held, as stated in the third and fourth paragraphs of the syllabus:
 

 “3. When a legatee dies before the testator, the legacy lapses unless such legatee was a child or other relative of the testator, and left issue surviving the testator as provided in Section 5971, Revised Statutes. An adopted child is not such issue.
 

 “4. An adopted child is enabled by Section 3140, Revised Statutes, to inherit from its adopter, but not through him, from his ancestors.”
 

 That case was considered "under a former statute pertaining to the same subject as Section 10512-19, General Code. Absent from the former statute was the following provision, inserted in Section 10512-19, General Code, namely: ‘ ‘ [An adopted child] shall be capable of inheriting property expressly limited by will or by operation of law to the child or children, heir or heirs at law, or next of kin, of the adopting parent or parents, or to a class including any of the foregoing,* * *.”
 

 
 *56
 
 Patently such added expression was inserted for a purpose, and in our opinion that purpose was to enable an adopted child to inherit property
 
 through
 
 as well as
 
 from
 
 an adopting parent, whether such property passes “by will or by operation of law.”
 

 It is provided in Section 10214, General Code: “The provisions of part third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice. The rule of the common law, that statutes in derogation thereof must be strictly construed has no application to such part * #
 

 Having determined that by virtue of Section 10512-19, General Code, Florence Bredbeck, adopted child of Rose Bredbeck, was rendered “capable of inheriting property expressly limited by will or by operation of law to the child # * *, heir * * * at law, or next of kin, of the adopting parent * * *, or to a class including any'of the foregoing,” we reach the question of whether Florence Bredbeck can be classed as “issue” of Rose Bredbeck within the contemplation of that term as employed in Section 10504-73, General Code.
 

 Our conclusion is that she can and should be, in view of the liberal attitude of this court manifested in the case of
 
 Cochrel, a Minor,
 
 v.
 
 Robinson,
 
 decided in 1925, 113 Ohio St., 526, 149 N. E., 871, where it was held that a “designated heir” was embraced within the term “issue” as contained in former Section 8577, General Code. In the opinion in the
 
 Cochrel case
 
 the following statements occur:
 

 “The word ‘issue’ has several meanings in the law of decedents’ estates. * * * Its primary signification imports descendants and has to do with the blood of the ancestor, but by general use the word ‘issue’ has often a wider signification and may include not
 
 *57
 
 only ‘children’ but ‘grandchildren,’ ‘descendants,’ and ‘adopted children.’
 

 “In other jurisdictions the word ‘issue’ * * * is held to include children whose relation depends on statutory enactment, such as a child by adoption or a designated heir.”
 

 For additional cases of similar import see
 
 In re Estate of Moore,
 
 7 Cal. App. (2d), 722, 47 P. (2d), 533, petition for hearing dismissed by the Supreme Court of California, 48 P. (2d), 28;
 
 O’Connell et al., Admrs.,
 
 v.
 
 Powers,
 
 291 Mass., 153, 197 N. E., 162;
 
 Hartwell, Trustee,
 
 v.
 
 Tefft,
 
 19 R. I., 644, 35 A., 882, 34 L. R. A., 500;
 
 Industrial Trust Co., Exr.,
 
 v.
 
 Taylor,
 
 69 R. I., 153, 32 A. (2d), 269;
 
 In re Estate of MoCorkle,
 
 128 Wash., 556, 223 P., 1038. Compare
 
 Walker
 
 v.
 
 O’Brien
 
 (C. C. A. 9), 115 F. (2d), 956.
 

 Of course the General Assembly cannot perform the impossible by creating a child of one’s blood out of a stranger, but it possesses the power to fix the legal status of individuals and the manner in which they shall be treated with respect to the devolution of property.
 

 There being nothing in the will of Pauline E. Rehberg to indicate that Florence Bredbeck should not be regarded as the “issue” of Rose Bredbeck, Florence comes within the purview of that word as used in the statute.
 
 Industrial Trust Co., Exr.,
 
 v.
 
 Taylor, supra.
 

 We discover no merit in the appellants’ final contention that the suggestion of testatrix in item six of her will, that her sisters make provision for designated nieces and nephews, showed the intent that the property disposed of in such item should go to her sisters alone and hence there may be no substitution of Florence Bredbeck for her adopting mother, under the provisions of Section 10504-73, General Code.
 

 
 *58
 
 This court finding no error in the judgment of the Court of Appeals, such judgment is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Bell, Turner, Matthias and Hart, JJ., concur.
 

 Williams, J., dissents.