WESTERN AND SOUTHERN LIFE INSURANCE COMPANY et al., Appellees,

v.

BRAUN, Appellee; Perry, Appellant.

[Cite as *W. & S. Life Ins. Co. v. Braun* (1996), 116 Ohio App.3d 423.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE06–784.

Decided Dec. 5, 1996.

*Vorys, Sater, Seymour & Pease, Carl D. Smallwood* and *Mark C. Kuster*, for plaintiffs-appellees.

*Berry, Shoemaker & Clark* and *Kevin L. Shoemaker*, for defendant-appellee.

*McCarthy, Palmer Volkema, Boyd & Thomas* and *Michael S. Miller*, for defendant-appellant.

---

TYACK, Judge.

On October 27, 1995, the Western and Southern Life Insurance Company ("Western and Southern") filed a complaint for interpleader, pursuant to Civ.R. 22, in the Franklin County Court of Common Pleas, naming Mary Jean Braun and Kathleen A. Perry as defendants. In the interpleader complaint, Western and Southern stated it was liable on a $50,000 universal life policy; however, there were conflicting claims of Braun and Perry as to who was the beneficiary of the policy. Also on October 27, 1995, Western and Southern filed a motion for leave and the trial court ordered it to deposit $50,000 with the trial court. The trial court then ordered Western and Southern discharged from any further liability on the policy.[1]

On November 20, 1995 and December 7, 1995, respectively, Perry and Braun filed motions for summary judgment, each contending that she was the beneficiary of the policy and was entitled to the life insurance proceeds. Memoranda contra were filed and on May 31, 1996, the trial court filed its decision and judgment entry finding that, pursuant to R.C. 1339.63, Braun ("appellee") was the beneficiary of the insurance policy and granting her motion for summary judgment. Perry ("appellant") has appealed to this court, assigning one error for our consideration:

"The trial court erred to the substantial prejudice of defendant-appellant Kathleen A. Perry in denying her motion for summary judgment, and granting defendant-appellee Mary Jean Braun's cross-motion for summary judgment."

Initially, we note that the denial of a motion for summary judgment is not a final, appealable order. *State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 37 O.O.2d 358, 222 N.E.2d 312. Hence, we address only the issue of whether the trial court's granting of appellee's motion for summary judgment was proper. In order to grant a motion for summary judgment, the court must be satisfied that there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 629, 605

---

1. Western and Southern's motion to amend this order to include Western–Southern Life Assurance Company ("Western–Southern"), a wholly owned subsidiary of Western and Southern and the issuer of the policy at issue, was granted in an order filed November 28, 1995, discharging both Western and Southern and Western–Southern from any further liability.

N.E.2d 936, 942, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

Here, the facts are not in dispute. On February 29, 1988, Jack V. Bradley applied for an annual renewable convertible term policy with Western and Southern, naming his wife, Kathleen Bradley, appellant herein, as the Class I beneficiary and his then mother-in-law, Barbara Perry, as the Class II beneficiary. A $50,000 policy was issued on March 9, 1988. On March 9, 1989, Mr. Bradley applied to convert the above policy and was issued a Universal Life policy with a face amount of $50,000. His wife, Kathleen Bradley, was named Class I beneficiary and his mother, appellee, was named Class II beneficiary.

On March 9, 1991, Mr. Bradley completed a change of beneficiary form that again listed appellant Kathleen Bradley as the Class I beneficiary and appellee as the Class II beneficiary. In January 1995, Mr. Bradley and appellant were divorced. Appellant now goes by Kathleen Perry. On July 27, 1995, Mr. Bradley died.

Appellant contends that as the named Class I beneficiary, she is entitled to the proceeds of the policy. Appellee argues that R.C. 1339.63 applies and precludes recovery for appellant. R.C. 1339.63(B)(1) states, in pertinent part:

"Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise, * * * if a spouse designates the other spouse as a beneficiary * * * and if * * * the spouse who made the designation or on whose behalf the designation was made, is divorced from the other spouse, * * * then the other spouse shall be deemed to have predeceased the spouse who made the designation * * * and the designation of the other spouse as a beneficiary is revoked as a result of the divorce * * *."

R.C. 1339.63(B)(1) went into effect on May 31, 1990. In *Aetna Life Ins. Co. v. Schilling* (1993), 67 Ohio St.3d 164, 616 N.E.2d 893, syllabus, the Supreme Court of Ohio held:

"The provisions of R.C. 1339.63, as applied to contracts entered into before the effective date of the statute, impair the obligation of contracts in violation of Section 28, Article II of the Ohio Constitution."

In *Aetna*, the husband designated his wife as beneficiary in a life insurance policy issued in 1975. In March 1977, they were divorced. The husband remarried in December 1988, and he died on June 19, 1990. The husband had not changed beneficiaries. The trial court held that under R.C. 1339.63, the first wife was deemed to have predeceased the husband. The Supreme Court reversed, finding R.C. 1339.63 could not be applied to a contract of insurance *and*

a designation of beneficiary made prior to the statute's effective date. *Id.* at 166–167, 616 N.E.2d at 894–896.

Appellant contends the insurance contract at issue here was entered into on March 9, 1989 when Mr. Bradley converted the policy to a universal life policy, kept appellant as the Class I beneficiary, and changed the Class II beneficiary from appellant's mother to his mother, appellee. Appellant contends that under *Aetna,* therefore, R.C. 1339.63 cannot be applied to nullify Mr. Bradley's designation of appellant as the Class I beneficiary. Appellee argues that R.C. 1339.63 does apply because there was a change in designation of beneficiaries on March 9, 1991, a date after R.C. 1339.63's effective date. Appellant counters this argument by saying there was no actual change of beneficiaries on March 9, 1991 from the designation of beneficiaries made on March 9, 1989. Appellant further contends that the trial court erred in concluding the redesignation of beneficiaries on March 9, 1991 constituted a new contract.

Although the facts in *Aetna* differ from the facts in the case at bar, the principles set forth in *Aetna* still apply here. The Supreme Court in *Aetna* found that R.C. 1339.63 could not be applied retroactively to nullify the decedent's designation of beneficiaries, the decedent had a contractual right to have the insurance company pay his beneficiary of choice, and the insurance company had a corresponding obligation to pay his beneficiary of choice. *Id.* The court held that R.C. 1339.63 cannot change the contract that existed prior to the effective date of the statute; however, contracts entered into after R.C. 1339.63's effective date are subject to its provisions. *Id.* at 168, 616 N.E.2d at 896.

Thus, the question becomes what were the terms of the insurance contract and when did certain other terms come into being. The policy stated, at page 4:

"DEFINITIONS

" * * *

"The policy consists of the basic policy and any attached riders. The policy, the application and any supplemental applications are the entire contract. Copies of all applications are attached."

The policy further stated, at page 12:

"BENEFICIARY

"Naming And Changing Beneficiaries

"You may name a beneficiary and change any named beneficiary while the Insured is living. You do this by written request satisfactory to us. When the request is received and approved by us at our Home Office, it will take effect as of the date you signed it. * * *

"Priority Of Beneficiaries

" * * *

"Any amount payable after the Insured's death will be paid to the Class I beneficiaries who are living when payment is due. If no Class I beneficiary is. living, payment will be made to those in Class II who are living when payment is due, and so on. * * *

" * * *

"Change of Contract

"Any change in the terms of the policy or waiver of its requirements must be in writing signed by our Chairman, President or Secretary. No other person can change the policy or waive any of its terms."

Under the insurance contract, therefore, Mr. Bradley had the right to change his beneficiary by making a written request. Such request would "take effect" on the date the applicant signed it, once it had been approved and signed by the insurer's chairman, president, or secretary. Such change in beneficiary becomes part of the policy.

Here, Mr. Bradley completed a change of beneficiary form on March 9, 1991. It was signed by Western–Southern's secretary on March 20, 1991. The change took effect on March 9, 1991. This form stated, in pertinent part:

"A designation herein of Class I (primary) beneficiary/ies *will constitute a revocation of all previously named beneficiaries* of every class. A designation herein of Class II or Class III (contingent) beneficiary/ies will constitute a revocation of all previously named beneficiaries except Class I (primary)." (Emphasis added.)

Under the policy provisions and the March 9, 1991 change of beneficiary form, therefore, Mr. Bradley effectuated a change in his designated beneficiaries from the previous March 9, 1989 designation of beneficiaries. Appellant, as stated above, contends that no change was made because Mr. Bradley did not actually change beneficiaries. Appellant remained the Class I beneficiary, and appellee remained the Class II beneficiary. However, by applying for and getting approval of a change of beneficiary after the effective date of R.C. 1339.63, a change certainly did occur. By its very terms, the change of beneficiary form stated that a "designation herein of Class I (primary) beneficiary/ies *will constitute a revocation of all previously named beneficiaries.*" Hence, the previous March 9, 1989 designation of beneficiaries was revoked. The effect of this was that R.C. 1339.63, effective at the time of the last designation of beneficiaries, March 9, 1991, applied to such designation.

Under the terms of the policy, Mr. Bradley had a contractual right to designate his choice of beneficiaries. The March 9, 1991 change in designation of beneficia-

ries complied with the policy's provisions on the making of such change. The March 9, 1991 change of beneficiaries then became part of the insurance contract between Mr. Bradley and Western–Southern. The argument by appellant regarding a beneficiary's vested interest or contractual rights is immaterial to our decision. As the court stated in *Aetna,* the *insured,* in this case, Mr. Bradley, has a contractual right to have the insurance company pay his beneficiary of choice.

No one can state conclusively what Mr. Bradley's intent was in executing the March 9, 1991 change of beneficiary form. However, we must apply the law in effect at the time such change was executed, with the presumption that Mr. Bradley was aware of the provisions of R.C. 1339.63. See *Wendell v. AmeriTrust Co., N.A.* (1994), 69 Ohio St.3d 74, 76, 630 N.E.2d 368, 370, citing *Cent. Trust Co. of N. Ohio, N.A. v. Smith* (1990), 50 Ohio St.3d 133, 553 N.E.2d 265; *Flynn v. Bredbeck* (1946), 147 Ohio St. 49, 33 O.O. 243, 68 N.E.2d 75, paragraph one of the syllabus. Applying the provisions of R.C. 1339.63(B)(1) to the facts here, appellant must be deemed to have predeceased Mr. Bradley, and the designation of appellant as to the Class I beneficiary was revoked because appellant and Mr. Bradley were divorced. We note that no one has alleged appellant and Mr. Bradley's divorce decree provided otherwise. We must presume that Mr. Bradley was aware that R.C. 1339.63(B)(1) would apply if he and appellant ever got divorced.

In light of the foregoing, summary judgment in favor of appellee was appropriate. The last change in the designation of beneficiaries occurred on March 9, 1991. Therefore, the provisions of R.C. 1339.63(B)(1) applied to the policy at issue here, and appellant is deemed to have predeceased her former spouse, Mr. Bradley. Under the terms of the policy, therefore, the Class II beneficiary, appellee, is entitled to the proceeds of such policy.

There being no genuine issue of material fact, and appellee being entitled to judgment as a matter of law, appellant's sole assignment of error is overruled.

Having overruled appellant's assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

STRAUSBAUGH, J., concurs.

LAZARUS, J., dissents.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

LAZARUS, Judge, dissenting.

Because this insurance contract was entered into before the effective date of R.C. 1339.63 and therefore falls under the syllabus of *Aetna Life Ins. Co. v. Schilling* (1993), 67 Ohio St.3d 164, 616 N.E.2d 893, I respectfully dissent. "The provisions of R.C. 1339.63, as applied to contracts entered into before the effective date of the statute, impair the obligation of contracts in violation of Section 28, Article II of the Ohio Constitution." *Id.* at syllabus. In the instant case, Mr. Bradley entered into a contract of insurance with Western and Southern prior to the effective date of R.C. 1339.63(B)(1). The contract contained an express provision for naming and changing beneficiaries. Between the time the statute went into effect and his subsequent divorce and death, Mr. Bradley redesignated appellant as his Class I beneficiary. This redesignation constituted a modification to the original contract as contemplated and provided for by the contracting parties. Therefore, unlike the majority, I believe the effect of the decedent's redesignation of appellant as his Class I beneficiary was to modify the original contract and did not constitute the decedent and Western and Southern entering into a contract after the effective date of the statute.

Accordingly, I would reverse the judgment of the trial court and order the court to enter judgment for appellant.