IN RE ESTATE OF HOLYCROSS; HOLYCROSS, APPELLANT,
*v.* HOLYCROSS, EXR., APPELLEE.

[Cite as *In re Estate of Holycross,* 112 Ohio St.3d 203, 2007-Ohio-1.]

(No. 2005–2281—Submitted October 18, 2006—Decided January 3, 2007.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} Upon divorce, R.C. 1339.63 operates to automatically revoke a spouse as beneficiary to an insurance policy that is owned by the other spouse. The trial court followed *Aetna Life Ins. Co. v. Schilling* (1993), 67 Ohio St.3d 164, 616 N.E.2d 893, which held that applying R.C. 1339.63 to an insurance policy purchased prior to May 31, 1990, the effective date of the statute, is unconstitutional because it violates the Contracts Clause of Section 28, Article II of the Ohio Constitution. The court of appeals affirmed. We also hold that *Schilling* controls, and we therefore affirm the judgment of the court of appeals.

## II. Facts

{¶ 2} Michael Holycross was married to Carol Zerkle. Michael received a life insurance policy through his employer, and in 1972 he named Carol as beneficiary. In 1993, Michael and Carol were divorced. The divorce decree did not indicate any change to the policy, and Carol remained the named beneficiary.

{¶ 3} On May 3, 1997, Michael married appellant, Barbra Holycross. On February 4, 2003, Michael died, and the insurer paid the proceeds from the life insurance policy ($32,532) to Carol. Barbra claimed that pursuant to R.C. 1339.63, she was the proper beneficiary of the proceeds as Michael's surviving spouse.

{¶ 4} Barbra objected to the appointment of Michael's son Matthew as the executor of Michael's estate, alleging that he was unsuitable because he refused to pursue litigation to recover the proceeds from the life insurance policy for the estate. On March 16, 2004, the probate court overruled Barbra's objections.

{¶ 5} Barbra then filed exceptions to the inventory of Michael's estate. Specifically, she alleged that the proceeds from the policy were assets of Michael's estate that were wrongly omitted from its inventory and therefore she was entitled to the proceeds. The probate court overruled Barbra's exceptions to the inventory, holding that *Schilling* was controlling. Barbra appealed, but the court of appeals affirmed.

{¶ 6} The cause is now before this court pursuant to the acceptance of Barbra's discretionary appeal.

### III. Analysis

{¶ 7} R.C. 1339.63 provides:

{¶ 8} "(A) As used in this section:

{¶ 9} "(1) 'Beneficiary' means a beneficiary of a life insurance policy, an annuity, a payable on death account, an individual retirement plan, an employer death benefit plan, or another right to death benefits arising under a contract.

{¶ 10} "* * *

{¶ 11} "(B)(1) Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise, and subject to division (B)(2) of this section, if a spouse designates the other spouse as a beneficiary or if another person having the right to designate a beneficiary on behalf of the spouse designates the other spouse as a beneficiary, and if, after either type of designation, the spouse who made the designation or on whose behalf the designation was made, is divorced from the other spouse, obtains a dissolution of marriage, or has the marriage to the other spouse annulled, then the other spouse shall be deemed to have predeceased the spouse who made the designation or on whose behalf the designation was made, and the designation of the other spouse as a beneficiary is revoked as a result of the divorce, dissolution of marriage, or annulment."

{¶ 12} R.C. 1339.63 provides that ending a marriage by divorce, dissolution, or annulment automatically revokes the designation of a spouse as beneficiary to an insurance policy owned by the other spouse, unless the beneficiary designation or the divorce decree or judgment specifically provides otherwise.

### A. *Schilling* Still Controls

{¶ 13} Barbra claims that Carol waived her right to argue that she was entitled to any proceeds from the policy. Barbra argues that because R.C. 1339.63 existed when Michael and Carol were divorced, Carol was on notice that her status as beneficiary would be automatically revoked. Thus, Barbra argues, Carol had an obligation to preserve her status as beneficiary to the policy prior to

the divorce, and her failure to do so in the divorce decree means that she waived her right to any claim to the insurance proceeds. We disagree.

{¶ 14} More than 13 years ago, we examined R.C. 1339.63 to determine whether applying it to an insurance policy that was executed before the statute became effective violated the Contracts Clause of the Ohio Constitution. *Schilling*, 67 Ohio St.3d 164, 616 N.E.2d 893.

{¶ 15} In *Schilling*, Herma Schilling was a beneficiary on a life insurance policy owned by her husband, Lawrence Schilling. The beneficiary to this policy was never changed. On March 17, 1977, Herma and Lawrence were divorced. In December 1988, Lawrence entered into a common-law marriage with Molly Lehman.

{¶ 16} On June 19, 1990, Lawrence died. R.C. 1339.63 had become effective the previous month. Both the ex-wife and the surviving spouse claimed to be the beneficiary under the insurance policy. The ex-wife argued that she was the named beneficiary under the policy. The surviving spouse argued that pursuant to R.C. 1339.63, she was a beneficiary by operation of law as the husband's surviving spouse.

{¶ 17} The issue before this court was whether applying R.C. 1339.63 to automatically revoke the ex-wife's status as a beneficiary of an insurance policy that existed prior to the statute violated Section 28, Article II of the Ohio Constitution, which provides: "The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts * * *." We found that "[a]t the time of the decedent's death, all conditions for payment of the death benefits were satisfied and, therefore, [the insurer] was contractually bound to pay the insurance proceeds to [the named beneficiary, the ex-wife]." *Schilling*, 67 Ohio St.3d at 167, 616 N.E.2d 893. Thus, "[t]he effect of R.C. 1339.63 is to nullify a husband's or wife's designation of his or her spouse as the beneficiary of death benefits payable under contract where the marital relationship was terminated after the designation was made and if the designation or the judgment or decree of divorce, dissolution or annulment does not specifically provide otherwise." Id. Therefore, we held that "[t]he provisions of R.C. 1339.63, as applied to contracts entered into before the effective date of the statute, impair the obligation of contracts in violation of Section 28, Article II of the Ohio Constitution." Id. at syllabus.

{¶ 18} Nevertheless, Barbra argues that *Schilling* is distinguishable from the instant case because, unlike in *Schilling*, the divorce in the instant case occurred after R.C. 1339.63 became effective. Barbra refers to a footnote in *Schilling* to argue that the date of the divorce, not the date of the insurance policy, is controlling in this case. That footnote states: "It is interesting to note that the beneficiary designation was made, and the divorce occurred, prior to the enact-

ment of R.C. 1339.63. Therefore, for all practical purposes, the only method of avoidance of R.C. 1339.63 in this case was for Lawrence to have redesignated [his ex-wife] as his beneficiary between the time that Lawrence was placed on notice of the effect of the statute (assuming that he was ever made aware of the change in the law) and the date of his death. As indicated, Lawrence died just twenty days after the effective date of the statute." *Schilling*, 67 Ohio St.3d at 168, 616 N.E.2d 893, fn. 2.

{¶ 19} This footnote is nothing more than dicta that highlighted how little time there was to change the beneficiary of the insurance policy because Lawrence died shortly after the statute was enacted. But that was not the legal basis of the court's decision. The critical issue in *Schilling* was the date that the insurance contract was entered into, not the date of the divorce. The instant case is indistinguishable from *Schilling*.

{¶ 20} Accepting Barbra's waiver argument would require this court to disregard *Schilling*, which we decline to do. Accordingly, we hold that pursuant to *Schilling*, R.C. 1339.63 does not apply to an insurance policy in existence prior to May 31, 1990, the effective date of the statute, regardless of when the marriage ended.

## B. *Schilling* Remains Viable

{¶ 21} Barbra alternatively invites us to overturn *Schilling*, arguing that applying R.C. 1339.63 to an insurance policy in existence prior to the effective date of the statute does not offend the Contracts Clause because (1) R.C. 1339.63 is remedial or procedural in nature, (2) the right to contract may legitimately be impaired by the exercise of a state's police powers, and (3) applying R.C. 1339.63 to a preexisting policy would not substantially impair a vested right.

{¶ 22} Under the legal doctrine of stare decisis, courts follow controlling precedent, thereby "creating stability and predictability in our legal system." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 1. However, "[a] prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." Id. at paragraph one of the syllabus.

{¶ 23} We find that none of Barbra's arguments raise an issue sufficient to require significant analysis to determine whether *Schilling* was wrongly decided. At the time of Michael's death, the insurer was contractually obligated to pay the proceeds from the policy to the beneficiary named in the policy—Carol. See *Schilling*, 67 Ohio St.3d at 167, 616 N.E.2d 893. Applying R.C. 1339.63 to revoke

Carol's status as beneficiary would impair her contractual right to the proceeds from the policy. Id. Thus, under the first prong of the *Galatis* test, we are unconvinced that *Schilling* was wrongly decided.

{¶ 24} Further, and perhaps more important, we find that overturning *Schilling* would create an undue hardship on those who have relied on it for the past 13 years. We acknowledge that the policy behind the enactment of R.C. 1339.63 might have been to remedy the mistake of a spouse who inadvertently fails to remove the ex-spouse as a beneficiary to a life insurance policy. And we have sympathy for those who have encountered that situation. Ultimately, however, we are unpersuaded by this argument because adopting it would disrupt well-settled law.

{¶ 25} Since this court's decision in *Schilling* 13 years ago, at least four of Ohio's 12 appellate districts have applied *Schilling* to hold that R.C. 1339.63 does not apply to contracts entered into prior to May 31, 1990, the effective date of R.C. 1339.63. See *Miller v. Miller* (June 6, 1977), 6th Dist. No. E–97–014, 1997 WL 327138; *W. & S. Life Ins. Co. v. Braun* (10th Dist. 1996), 116 Ohio App.3d 423, 688 N.E.2d 534; *Natl. City Bank v. Estate of Rounsley* (July 18, 1997), 11th Dist. No. 96–T–5588, 1997 WL 469856; *Klan v. Klan*, 8th Dist. No. 86897, 2006-Ohio-1738. See, also, *Hoog v. Hoog* (Sept. 24, 1999), 1st Dist. No. C–980977, 1999 WL 741818 (acknowledging *Schilling* in dicta). Further, we reaffirmed our holding in *Schilling* by entry in 1993. *Prudential Ins. Co. of Am. v. Houk* (1993), 68 Ohio St.3d 108, 623 N.E.2d 1195.

{¶ 26} *Schilling* has clearly defined the rule that a person who owns an insurance policy in existence before May 31, 1990, and who wishes to remove his or her ex-spouse as beneficiary of that policy must undertake an affirmative act in order to remove his or her ex-spouse as beneficiary despite the language of R.C. 1339.63. The corollary to this rule is that by failing to act, the person owning the policy will be presumed to have made a conscious decision to retain the ex-spouse as beneficiary.

{¶ 27} All persons are "conclusively presumed to know the law." *State v. Pinkney* (1988), 36 Ohio St.3d 190, 198, 522 N.E.2d 555. Thus, we presume that for the last 13 years, persons who owned policies in effect prior to May 31, 1990, and took no action to revoke an ex-spouse as beneficiary upon divorce intended that ex-spouse to remain the beneficiary to the policy. Consequently, spouses, and the attorneys who have advised them in a divorce or dissolution, have relied on *Schilling* as the governing law on the applicability of R.C. 1339.63. Reversing *Schilling* would create an undue hardship and could encourage litigation alleging wrongful distribution of insurance proceeds.

{¶ 28} Thus, in cases where the spouse who owns an insurance policy purchased prior to May 31, 1990, failed to take an affirmative act to revoke his or her

ex-spouse as beneficiary to the policy, we believe that reversing *Schilling* would create more undue hardship than holding that it remains good law.

{¶ 29} Accordingly, we find insufficient justification under the *Galatis* test to overturn *Schilling*.

## IV.   Conclusion

{¶ 30} For the aforementioned reasons, we reaffirm *Schilling* and hold that R.C. 1339.63 does not apply to an insurance contract entered into prior to May 31, 1990, irrespective of the date of the divorce, dissolution, or annulment.

{¶ 31} In this case, Michael purchased the insurance policy in 1972 and made Carol the beneficiary—a designation that never changed.   Applying R.C. 1339.63 to the policy would unconstitutionally impair the contractual obligation to pay the proceeds to the beneficiary, Carol.   Thus, Carol, not Barbra, is entitled to the proceeds from the policy.   Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., FARMER, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER and O'CONNOR, JJ., concur in judgment only.

SHEILA G. FARMER, J., of the Fifth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

Clark Legal Associates Co., L.P.A., and William J. Clark, for appellant.

Paulig & Singer, Karl E. Paulig, and Brad C. Singer, for appellee.