DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Karen Kallberg, appeals from the trial court's judgment in favor of Appellee, Kathleen Jaskiewicz in the Lorain County Court of Common Pleas. We affirm.
 {¶ 2} This action began when Plaintiff, Nationwide Life Insurance Company, filed an interpleader action seeking the court's determination as to the rightful disposition of the proceeds of a life insurance policy owned by Eric Kallberg (the "Policy"). Mr. Kallberg died in 2005. Mr. Kallberg's second wife *Page 2 
(Appellant) and Mr. Kallberg's sister (Appellee) both claim that they are entitled to the proceeds of the Policy.
 {¶ 3} Mr. Kallberg purchased the Policy in 1986 and named his brother as beneficiary. On June 29, 1991, Mr. Kallberg designated his then wife, Mary Kallberg, as beneficiary. Sometime thereafter, Mr. Kallberg and Mary Kallberg were divorced. Mr. Kallberg did not file a change of beneficiary form after he divorced Mary Kallberg. On January 18, 1996, Mr. Kallberg married Appellant and on February 17, 1996, Mr. Kallberg executed a change of beneficiary form naming Appellant as the primary beneficiary under the Policy and his sister, Appellee, as contingent beneficiary. On December 17, 2003, Mr. Kallberg and Appellant were divorced, with each party retaining his or her sole property all life insurance policies free and clear of any claim by the other party. Mr. Kallberg did not execute a change of beneficiary form. On January 2, 2005, Mr. Kallberg died and after both Appellant and Appellee laid claim to the proceeds of the Policy, Nationwide deposited the proceeds of the Policy ($52,408.15) into escrow and brought this action.
 {¶ 4} On February 9, 2006, Appellee filed a "Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment" ("Appellee's Motion"). On March 20, 2006, Appellant filed a Combined Motion for Summary Judgment and Brief opposing Appellee's motion ("Combined Motion"). On April 6, 2006, Appellee filed a reply brief. On April 12, 2006, Appellant filed a motion *Page 3 
to strike the exhibits attached to Appellee's reply brief as not being in compliance with Civ.R. 56 ("Motion to Strike"). The exhibits at issue were Appellant and Mr. Kallberg's divorce decree and separation agreement ("Separation Agreement") and the Policy. The trial court denied the Motion to Strike on May 22, 2006 without analysis.
 {¶ 5} On June 30, 2006, the trial court denied the Combined Motion and granted summary judgment on Appellee's Motion[1] based on R.C.1339.63, recodified as R.C. 5815.33 on January 1, 2007 ("Judgment Entry"). Appellant timely appealed the Judgment Entry raising three assignments of error.
 Assignment of Error I "The trial court erred in denying Defendant-Appellant's Motion for Summary Judgment, as there was no genuine issue of material fact that the Defendant-Appellant was entitled to the life insurance proceeds at issue."
 Assignment of Error II "The trial court erred in granting the Defendant-Appellee's `Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment' as there were genuine issues of material fact, the Appellee failed to provide any support, the Order is contrary to law and, in fact, the Defendant-Appellant was entitled to the life insurance proceeds at issue." *Page 4 
 {¶ 6} Appellant asserts that R.C. 1339.63, which became effective on May 31, 1990, cannot be retroactively applied to the Policy contract executed prior to 1990 under the authority of Aetna Life Ins. Co. v.Schilling (1993), 67 Ohio St.3d 164. Appellee asserts, and the trial court found, that the change of beneficiary executed in 1996, six years after R.C. 1339.63 was enacted, modified the contract and became part of the contract, thus permitting R.C. 1339.63 to be applied, citing W. S Life Ins. Co. v. Braun, 116 Ohio App.3d 423. Appellee also recognizes the precedent in Schilling and asserts that this case is distinguishable as Mr. Kallberg and Appellant's divorce decree specifically addressed the Policy.
 {¶ 7} Appellate courts review decisions on summary judgment de novo, viewing the facts in the light most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105; Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} R.C. 1339.63 defines a beneficiary as "beneficiary of a life insurance policy * * * or another right to death benefits arising under a contract." R.C. 1339.63(A)(1). R.C. 1339.63 further states: *Page 5 
 "(B)(1) Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage or annulment specifically provides otherwise, * * * if a spouse designates the other spouse as a beneficiary, [and if] * * * the spouse who made the designation * * * is divorced from the other spouse, * * * then the other spouse shall be deemed to have predeceased the spouse who made the designation, * * * and the designation of the other spouse as a beneficiary is revoked as a result of the divorce, dissolution of marriage, or annulment."
 {¶ 9} The trial court applied R.C. 1339.63(B)(1) to find that Appellant was deemed to have predeceased Mr. Kallberg because the statute became effective before Appellant was named as a beneficiary under the policy. We agree.
 {¶ 10} Both parties and this Court agree that Aetna is binding precedent; however, we disagree with Appellant that the holding inAetna makes the Judgment Entry here erroneous. In Aetna, the policy was effectuated and the beneficiary designated prior to the enactment of R.C. 1339.63. Although the parties later divorced, the decedent did not change his beneficiary. The Supreme Court held that "R.C. 1339.63 cannot be applied in a constitutional manner to effectively nullify [the decedent's] designation of appellant as the beneficiary of the life insurance proceeds." Aetna at 166. Such an application "would impermissibly impair the obligation of contract in violation of Section28, Article II of the Ohio Constitution." Id. at 167. The Aetna court further noted, however, "contracts entered into on or after the effective date of R.C. 1339.63 are subject to the provisions of the statute." Id. at 168. (Emphasis sic). *Page 6 
 {¶ 11} Here, while the policy was enacted prior to the effective date of R.C. 1339.63 (in 1986), Appellant was named as a beneficiaryafter the statute was enacted. The Tenth District Court of Appeals addressed exactly this issue in W. and S. Life Ins. Co. v. Braun,116 Ohio App.3d 423. There, the decedent purchased a life insurance policy in 1988 (prior to the enactment of the statute), naming his wife and his mother-in-law as Class I and Class II beneficiaries, respectively. In 1991 (after the enactment of the statute), decedent executed a change of beneficiary form naming his wife again as Class I beneficiary, but naming his mother as the Class II beneficiary. In 1995, decedent and his wife were divorced and later that year, the decedent died. Both decedent's ex-wife and his mother sought the proceeds of the life insurance policy. The court held that, pursuant to its analysis of the terms of the policy and the change of beneficiary form, the "change in beneficiary becomes part of the policy." W and S Life. Ins. Co. at 427. The provisions of the policy at issue in W and S Life Ins. Co. are virtually identical to the provisions of the Policy. Thus, we find the reasoning of the Tenth District Court of Appeals persuasive.
 {¶ 12} The Tenth District first reviewed the definition of the policy and found it to include "the basic policy and any attached riders. The policy, the application and any supplemental applications are the entire contract. Copies of all applications are attached." Id. at 426. Here, the policy contract is virtually identical and is defined as the "policy, any attached riders or endorsements, and *Page 7 
the attached copy of any written application, including any written supplemental applications."
 {¶ 13} Next, the change of beneficiary provision was analyzed. InW and S Life Ins. Co., this provision allowed the insured, while living, to change the beneficiary by written request satisfactory to the insurance company. Once the form was received and approved by the home office, it would take effect as of the date the insured signed it. The Policy contains a similar provision stating:
 "While the Insured is living, you may change any Beneficiary or Contingent Beneficiary. Any change must be in a written form satisfactory to us and recorded in our Home Office. Once recorded, the change will take effect as of the date you signed it."
 {¶ 14} Next the policy provision addressing the priority of payment was analyzed. In W and S Life Ins. Co., Class I beneficiaries were to be paid first upon the Insured's death and if the Class I beneficiary was deceased, payment would be made to the Class II beneficiary. In this case, the Policy provides for the payment of proceeds in one lump sum to the beneficiary. The Policy further provides that "[i]f any Beneficiary dies before the Insured, that Beneficiary's interest will be paid to any surviving Beneficiaries or Contingent Beneficiaries [.]"
 {¶ 15} In W and S Life Ins. Co., the insured could change the terms of the policy or waive its requirements only in writing signed by the chairman, president or secretary of the insurance company. Here, "[a]ny agreement to alter this contract must be in writing on our official forms and signed by the President or Secretary." *Page 8 
 {¶ 16} Finally, the change of beneficiary designation form in W and SLife Ins. Co., stated that "[a] designation herein of Class I (primary) beneficiary/ies will constitute a revocation of all previously named beneficiaries of every class."
Here, the application for change of beneficiary designation form states that:
 "In accordance with the provisions of [the Policy], relating to change of beneficiary or contingent beneficiary, the designation of any and all such beneficiaries now or heretofore named in or endorsed on the [Policy] * * * are hereby revoked. If the [Policy] shall become payable as a death claim, the proceeds shall be payable to:"
 {¶ 17} Based on the above provisions, we find that the "take effect" language of the change of beneficiary provision (on the date signed in 1996) and the fact that the prior beneficiaries were revoked when Appellant was named a beneficiary, leaving no beneficiaries until Appellant was designated a beneficiary in 1996, supports the Tenth District's grant of summary judgment in favor of the Class II beneficiary. Here, we similarly find the change of beneficiary form to be essentially a new contract between Mr. Kallberg and Nationwide, executed after the enactment of the statute. Accordingly, "we must apply the law in effect at the time such change was executed, with the presumption that [Mr. Kallberg] was aware of the provisions of R.C. 1339.63." W and S Life Ins. Co., 116 Ohio App.3d at 428. Accordingly, applying "R.C. 1339.63(B)(1) to the facts here, [Appellant must be deemed to have predeceased [Mr. Kallberg], and the designation of [Appellant as [a beneficiary] was revoked because [Appellant and [Mr. Kallberg] were divorced." Id. The trial court was correct that there was no genuine issue of *Page 9 
material fact that the contingent beneficiary (Appellee) was entitled to the proceeds of the insurance policy and summary judgment in favor of Appellee was proper.
 {¶ 18} Appellant's first and second assignments of error are overruled.
 Assignment of Error III "The trial court erred in denying the Defendant-Appellant's motion to strike exhibits attached to the Appellee's reply brief."
 {¶ 19} Appellant asserts that the trial court erred by denying her motion to strike the exhibits attached to Appellee's reply brief. The exhibits at issue were (1) the Separation Agreement; and (2) the Policy.
 {¶ 20} "A trial court's decision to grant a motion to strike will not be overturned on appeal absent an abuse of discretion." Matthews v. D`Amore, 10th Dist. No. 05AP-1318, 2006-Ohio-5745, at ¶ 25, citingSamadder v. DMF of Ohio, Inc., 154 Ohio App.3d 770, 2003-Ohio-5340, at ¶ 17; McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 21499,2003-Ohio-7190, at ¶ 7. A trial court abuses its discretion where it considers evidence improperly submitted with a motion for summary judgment. McPherson at ¶ 7. Evidence submitted with a motion for summary judgment is proper only "if the evidence is admissible at trial." Id.; see, generally, Brady Fray v. Toledo Edison Co., 6th Dist. No. L-02-1260, 2003-Ohio-3422, at ¶ 30, citing Hall v. Fairmont Homes,Inc. (1995), 105 Ohio App.3d 424, 436, 664 N.E.2d 546. "[T]he trial court retains the discretion to admit or exclude evidence."McPherson at ¶ 7; see, also State v. Sage (1987), 31 Ohio St.3d 173, *Page 10 
paragraph two of the syllabus; State v. Ditzler (Mar. 28, 2001), 9th Dist. No. 00CA007604, citing State v. Maurer (1984), 15 Ohio St.3d 239,265. As such, an appellate court will not disturb such a decision regarding the admission or exclusion of evidence absent an abuse of discretion that has materially prejudiced the appellant. Sage,31 Ohio St.3d at 182; see, also, State v. Ali (Sept. 9, 1998), 9th Dist. No. 18841, at *2.
 {¶ 21} An abuse of discretion connotes more than an error of judgment, and instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 22} Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when rendering summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). Due to this strict language, affidavits are the means typically used to introduce evidence for consideration in a summary judgment motion. Robinson v. SpringfieldLocal School Dist. Bd. Of Educ. (Mar. 27, 2002), 9th Dist. No. 20606. An affidavit must be made on personal knowledge and a sworn or certified copy of the document referred to in the affidavit must be attached to or served with it. Civ.R. 56(E). Thus, affidavits *Page 11 
overcome concerns about authenticity of the evidence. Mitchell v.Ross (1984), 14 Ohio App.3d 75, 75 (holding that "[documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court.").
 {¶ 23} The Policy was attached as an exhibit to the initial complaint filed in this matter and as an exhibit to Appellant's Combined Motion. Thus, it is a pleading and was properly considered by the trial court in determining the summary judgment motions.
 {¶ 24} Appellant is correct that the Separation Agreement was not authenticated pursuant to Civ.R. 56(C). Moreover, it is presumed that the trial court considered the Separation Agreement in rendering its decision on the motions for summary judgment because the court denied Appellant's motion to strike the Separation Agreement thereby placing it into evidence. However, the trial court did not base its decision on any term of the Separation Agreement. In fact, the Separation Agreement is not even referenced. The trial court's decision as contained in the Judgment Entry was based solely on the court's analysis of the Policy and the application of R.C. 1339.63. We found summary judgment in favor of Appellee proper in our analysis of Appellant's first and second assignments of error. Thus, any error related to the trial court's alleged consideration of the Separation Agreement is harmless. *Page 12 
 {¶ 25} Appellant's third assignment of error is overruled.
 {¶ 26} Each of Appellant's assignments of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
CARR, J. CONCURS
[1] It is unclear from the language of the Judgment Entry whether the trial court granted summary judgment or judgment on the pleadings to Appellee, but we are reviewing this matter as if summary judgment were granted. *Page 13