OPINION *Page 3 
{¶ 1} The petitioners-appellants, Bret Holcomb, Kerry Woodruff, Thomas Ehmer, and Justin Smith, appeal the judgments of the Logan County Common Pleas Court denying their petitions for declaratory judgment in which they challenged their sexual offender reclassifications pursuant to Senate Bill 10. On appeal, Appellants argue that the Ohio Attorney General did not provide proper notice; that no statute affecting sexual offender classification was in effect at the time they were reclassified; that the statute violates the ex post facto clause of the United States Constitution and the retroactivity clause of the Ohio Constitution; that the statute violates their procedural due process rights; that the statute constitutes a bill of attainder; that the statute violates the separation-of-powers clause; that the statute places them in double jeopardy; that the reclassification constitutes cruel and unusual punishment; and that the legislature had caused a breach of their plea agreements. Since the issues presented were the same in each case, we have consolidated the cases on appeal. For the reasons set forth herein, we affirm the judgments of the trial court.
 {¶ 2} Each of the appellants filed petitions for declaratory judgment, raising ten issues, to challenge their sex offender reclassifications under Senate Bill 10 (Adam Walsh Act). In each case, the appellant had pled guilty as part of a plea agreement with the state. The court held a hearing on each Appellant's *Page 4 
petition, and stipulations were placed on the record. In appellate case number 8-08-23, Holcomb was convicted of gross sexual imposition and was sentenced on September 10, 2001. (Stipulations, Holcomb, Aug. 26, 2008, at ¶ 1). Holcomb was classified as a sexually oriented offender pursuant to the statute in effect at that time, which was Senate Bill 5 (Megan's Law). (Id. at ¶ 1, 2). On November 26, 2007, the Ohio Attorney General notified Holcomb by certified mail that he would be reclassified as a Tier II offender under the Adam Walsh Act. (Id. at ¶ 5).
 {¶ 3} In appellate case number 8-08-24, Woodruff was convicted of corruption of a minor and gross sexual imposition. (Stipulations, Woodruff, Aug. 26, 2008, at ¶ 1). Woodruff was sentenced on July 6, 1998, at which time the trial court classified him as a sexually oriented offender. (Id. at ¶ 1, 2). On November 26, 2007, the Ohio Attorney General notified Woodruff by certified mail that he would be reclassified as a Tier II offender under the Adam Walsh Act. (Id. at ¶ 5).
 {¶ 4} In appellate case number 8-08-25, Ehmer also entered stipulations of fact; however, they were not reduced to writing, and we granted leave for Ehmer to supplement the record with the appropriate transcript. Ehmer was convicted of corruption of a minor and sentenced sometime around June 2001. (Hearing Tr., Ehmer, Nov. 4, 2008, at 2). Ehmer was classified as a sexually oriented offender. (Id.). On November 26, 2007, the Ohio Attorney General notified Ehmer by *Page 5 
certified mail that he would be reclassified as a Tier II offender under the Adam Walsh Act. (Id. at 2, 3).
 {¶ 5} Like Ehmer, in appellate case number 8-08-26, Smith's stipulations were entered at hearing but not reduced to writing. However, we also granted leave for Smith to supplement the record with the hearing transcript. Smith was convicted of corruption of a minor on August 17, 1998. (Hearing Tr., Smith, Nov. 4, 2008, at 2). At that time, Smith was not classified as a sex offender. (Id.). On November 26, 2007, the Ohio Attorney General notified Smith by certified mail that he was being classified as a Tier II offender under the Adam Walsh Act. (Id. at 3, 4).
 {¶ 6} The trial court overruled nine of the ten issues raised by each Appellant, and the appellants each filed timely notices of appeal, raising one assignment of error for our review.
 Assignment of Error The trial court erred when it overruled Appellants' complaints for declaratory judgments contesting their reclassification under SB-10.
 {¶ 7} For ease of analysis, several of the appellants' arguments will be addressed out of order. The first argument raised by Appellants is that the Adam Walsh Act requires the attorney general to notify sex offenders of their reclassification by "registered mail." The appellants contend they were not *Page 6 
notified by registered mail. R.C. 2950.032(A)(1)(c) requires the attorney general to notify sex offenders of their reclassification by "registered mail." R.C. 1.02(G) states, "`[r]egistered mail' includes certified mail and `certified mail' includes registered mail." Each appellant stipulated that he received notice of his reclassification by "certified mail" on November 26, 2007. Accordingly, the first argument is without merit.
 {¶ 8} This court has previously rejected many of the arguments now raised by Appellants. In their second argument, appellants allege that no sex offender classification/registration statute was in effect at the time they were classified as sex offenders. We have previously determined that the clear and unambiguous language of Senate Bill 10 repealed Megan's Law on January 1, 2008, the same date the Adam Walsh Act became effective. In re: Smith, 3d Dist. No. 1-07-58,2008-Ohio-3234, at ¶ 23 (citations omitted).
 {¶ 9} Appellant's third argument is that Senate Bill 10 violates Section 10, Article I of the United States Constitution, which prohibits ex post facto laws, and Section 28, Article II of the Ohio Constitution, which prohibits the enactment of retroactive laws. We have found both contentions to be misplaced based on State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570, and State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342. Smith, at ¶ 26-35; 38 (citations omitted). *Page 7 
 {¶ 10} In the fifth argument, the appellants contend that Senate Bill 10 violates the separation-of-powers clause. We have held that sex offender classification "has always been a legislative mandate, not an inherent power of the courts." Id. at ¶ 39, citing Slagle v. State,145 Ohio Misc.2d 98, 2008-Ohio-593, 884 N.E.2d 109.
 {¶ 11} The Appellants, in their sixth argument, claim that Senate Bill 10 puts them in double jeopardy in violation of the Fifth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution. In the seventh argument, Appellants contend that the legislature has imposed excessive sanctions that amount to cruel and unusual punishment, prohibited by the Eighth Amendment of the United States Constitution. We have previously rejected both of these arguments. Id. at ¶ 36-38 (citations omitted).
 {¶ 12} The ninth argument advanced by Appellants is that Senate Bill 10 "impairs contractual obligations" established as part of their plea agreements because sex offender classification was a "material part" of the appellants' negotiations. Appellants contend Senate Bill 10 has imposed "new and additional obligations" that breach the plea agreements. We have found this argument to be without merit. In re:Gant, 3d Dist. No. 1-08-11, 2008-Ohio-5198, at ¶ 22-24, citing State v.Desbiens, 2d Dist. No. 22489, 2008-Ohio-3375. As to the first, second, third, fifth, sixth, seventh, and ninth arguments, we are bound by the *Page 8 
principle of stare decisis to follow the prior decisions of this Court. See generally State ex rel. Davis v. Pub. Emp. Retirement Bd,120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, at ¶ 38, quoting In re:Estate of Holycross, 112 Ohio St.3d 203, 2007-Ohio-1, 858 N.E.2d 805, at ¶ 22, quoting Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 1 ("`Under the legal doctrine of stare decisis, courts follow controlling precedent, thereby "creating stability and predictability in our legal system."'").
 {¶ 13} As their fourth argument, Appellants essentially claim that the Adam Walsh Act violates their due process rights by operating as a bill of attainder. The Sixth Appellate District has reviewed this argument and determined that Senate Bill 10 is not a bill of attainder because "(1) our courts have consistently held the provision of S.B. 10 and its genre to be remedial rather than punitive, and (2) a judicial trial and subsequent conviction is a necessary antecedent to the application of any of the provisions of R.C. 2950." Montgomery v. Leffler, 6th Dist. No. H-08-011, 2008-Ohio-6397, at ¶ 38. In determining that Megan's Law was not a bill of attainder, the Eighth Appellate District discussed the holding in Williams, wherein the Supreme Court held that a prior version of R.C. 2950 et seq. was not a bill of attainder. State v. Funderburk, 8th Dist. No. 90228, 2008-Ohio-3449, at ¶ 26-27 (citations omitted). InWilliams, the court held that legislation providing for sex offender classification and registration did not provide a punishment without a *Page 9 
judicial trial. Williams, at 528-529. The court noted that the legislation was not punitive, and before a defendant could be classified, the trial court was required to conduct a hearing either at the time of sentencing or separately to determine the appropriate classification. Id. Finally, the court held that legislation may target an individual or group of individuals without automatically running afoul of the constitution so long as the legislation does not create a punishment, which sex offender classification and registration acts do not. Id. at 529. As we stated in Smith and Gant, we do not believe the Supreme Court of Ohio would deviate from its prior opinion in considering whether the Adam Walsh Act constitutes a bill of attainder. The fourth argument is without merit.
 {¶ 14} In the eighth argument, the Appellants contend that the Adam Walsh Act denies them procedural due process rights because it institutes reclassification without a hearing. The Fourth Appellate District has considered this issue and has determined that Senate Bill 10 does not deprive defendants of any protected liberty interest.State v. Netherland, 4th Dist. No. 08CA3043,2008-Ohio-7007, at ¶ 17-20, 21, citing Cook, at 512; State v.Hayden, 96 Ohio St.3d 211, 214, 2002-Ohio-4169, 773 N.E.2d 502. The court also noted the provision of Senate Bill 10 providing for a hearing to challenge the reclassification. Id. We agree with the analysis of our sister court and find Appellants' eighth argument to be without merit. The sole assignment of error is overruled. *Page 10 
 {¶ 15} The judgments of the Logan County Common Pleas Court are affirmed.
Case No. 8-08-23: Judgment Affirmed
 Case No. 8-08-24: Judgment Affirmed
 Case No. 8-08-25: Judgment Affirmed
 Case No. 8-08-26: Judgment Affirmed
 SHAW, J., concurs.
 ROGERS, J., concurs in Judgment Only. *Page 1