JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Donell Funderburk ("Funderburk"), appeals his convictions and sexual predator classification. Finding some merit to the appeal, we affirm in part, reverse in part, and remand for a new sexual predator hearing.
 {¶ 2} In 2006, Funderburk was charged with three counts of gross sexual imposition ("GSI") of Jane Doe I and attempted GSI of Jane Doe II.[1] The matter proceeded to a bench trial, at which the court dismissed the attempted GSI of Jane Doe II in count four and, at the State's request, considered the charge of attempted GSI instead of the original GSI charge in count three. The trial court found Funderburk guilty of two counts of GSI and the "amended" attempted GSI charge. The court held a separate hearing for the sexually violent predator specifications and Funderburk's H.B. 180 sexual predator adjudication. The court found him not guilty of the sexually violent predator specifications, but designated him as a sexual predator. He was sentenced to two years in prison for the GSI counts and one year for the attempted GSI count, to be served concurrent with each other, for an aggregate of two years in prison. The following evidence was presented at trial.
 {¶ 3} Funderburk's stepdaughter, "L.T." testified that, in 2002 when she was eight years old, Funderburk "wrestled" with her in the living room and attempted to reach under her shirt and touch her breasts. She told him to stop, but he still *Page 4 
touched her breast at least two times.[2] Later that day, L.T. was watching television when Funderburk came up from behind her and put his hand under her shirt and bra and fondled her breasts. L.T. never told anyone of the incidents at the time, because she knew that Funderburk had a prior sexual relationship with a minor that resulted in criminal charges against him.[3] In August 2006, when L.T. was in therapy, she advised her counselor of the "2002 incidents" with Funderburk.
 {¶ 4} One month later, Funderburk admitted to his probation officer, Patrick Shepard ("Shepard"), that he fondled L.T. in 2002. Funderburk was taken into custody, advised of his Miranda rights, and consented to giving a statement. In his statement, he admitted fondling L.T. while wrestling with her and as she sat on the floor watching television.
 {¶ 5} Funderburk now appeals, raising four assignments of error. In the first assignment of error, he argues that there was insufficient evidence to convict him and that his convictions were against the manifest weight of the evidence.
 {¶ 6} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would *Page 5 
support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 7} In evaluating a challenge to the verdict based on the manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." Thompkins. As the Ohio Supreme Court stated:
 "Weight of the evidence concerns the `inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 8} In State v. Bruno, Cuyahoga App. No. 84883,2005-Ohio-1862, we stated that the court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. A reviewing court *Page 6 
will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v. Eley
(1978), 56 Ohio St.2d 169, 383 N.E.2d 132.
 {¶ 9} Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Garrow (1995),103 Ohio App.3d 368, 370-371, 659 N.E.2d 814.
 {¶ 10} Funderburk argues that his convictions should be reversed because the State failed to prove that he used "force" on the victim. We find that Funderburk's argument is misplaced.
 {¶ 11} Funderburk was convicted of two counts of GSI in violation of R.C. 2907.05(A)(4), which provides that: "[n]o person shall have sexual contact with another, not the spouse of the offender *** when *** [t]he other person *** is less than thirteen years of age ***."
 {¶ 12} He was also convicted of attempted GSI in violation of R.C.2907.05(A)(4) and 2923.02. R.C. 2923.02(A) provides that: "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." *Page 7 
 {¶ 13} In instant case, L.T. was eight years old when Funderburk fondled her. Therefore, the State was not required to prove "force" because it is not an element of GSI when the victim is under 13 years of age.
 {¶ 14} Furthermore, in reviewing the record we find sufficient evidence to support Funderburk's convictions. L.T. testified that when she was "wrestling" with Funderburk, he initially reached under her shirt and touched her chest. Even though she told him to stop, they continued to wrestle and he touched her breast twice. She also testified that later that evening, he reached under her shirt and bra and touched her breast again. Her testimony that Funderburk touched her breasts while they were wrestling and as she sat watching television was corroborated by his own admission. Thus, in viewing the evidence in the light most favorable to the State, we conclude that Funderburk's convictions are supported by sufficient evidence. We also find that the trial court did not lose its way or create such a manifest miscarriage of justice as to require reversal of the convictions.
 {¶ 15} Accordingly, the first assignment of error is overruled.
 {¶ 16} In the second assignment of error, Funderburk argues that his sexual predator classification was based on an incorrect burden of proof. He essentially argues that his sexual predator designation is not supported by clear and convincing evidence. *Page 8 
 Standard of Review {¶ 17} In State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264, the Ohio Supreme Court clarified the standard of review applicable to sex offender classifications. The Wilson court held that "[b]ecause sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence." Id. at the syllabus.
 {¶ 18} The civil manifest-weight-of-the-evidence standard "affords the lower court more deference then does the criminal standard." Id., citingBarkley v. Barkley (1997), 119 Ohio App.3d 155, 694 N.E.2d 989. "Thus, a judgment supported by `some competent, credible evidence going to all the essential elements of the case' must be affirmed." Id., citingC.E. Morris Co. v. Foley Constr Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 Sexual Predator Classification {¶ 19} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. The State has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Wilson at T|20; R.C. 2950.09(B)(4). "Clear and convincing *Page 9 
evidence is evidence that `will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' (Internal citations omitted). To meet the clear-and-convincing standard requires a higher degree of proof than `a preponderance of the evidence,' but less than `evidence beyond a reasonable doubt.' State v. Ingram (1992), 82 Ohio App.3d 341, 346,612 N.E.2d 454." Wilson at T|20.
 {¶ 20} In order to satisfy this standard, "there must be something of substance from which one could draw a logical conclusion concerning the likelihood of recidivism to reach a firm belief or conviction that the defendant is likely to commit a sexually oriented offense in the future." State v. Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770.
 {¶ 21} In State v. Eppinger, 91 Ohio St. 3d 158, 2001-Ohio-247,743 N.E.2d 881, the Ohio Supreme Court set forth a model procedure for a sexual offender classification hearing. The model outlined the following three objectives:
 "First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. *** [A] clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
 Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the *Page 10 
trial court in its determination, especially when there is little information available beyond the conviction itself. ***
 Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)[3], and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." (Citations omitted.)
See, also, State v. Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732.
 {¶ 22} R.C. 2950.09(B)(3) requires that the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to: the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim; if the offender has previously been convicted of or pleaded guilty to any criminal offense; whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental disease or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a)-(j).[4] *Page 11 
 {¶ 23} In the instant case, we find that the sexual predator hearing falls short of the model outlined in Eppinger. The trial court rendered its decision to classify Funderburk as a sexual predator without indicating it considered the statutory factors listed in R.C.2950.09(B)(3) and without discussing "on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Eppinger. See, also, State v.Cathcart, Shelby App. No. 17-02-20, 2002-Ohio-6593. Thus, we find that the trial court failed to support its sexual predator classification with some discussion about the evidence that Funderburk was likely to reoffend. As the Wilson court held, the trial judge's findings may not be disturbed when supported by some competent, credible evidence. Therefore, the second assignment of error is sustained.
 {¶ 24} Accordingly, the portion of the trial court's order classifying Funderburk as a sexual predator is reversed.
 {¶ 25} In the third assignment of error, Funderburk argues that his sexual predator designation should be reversed because of insufficient evidence and the State failed to carry its burden of proof. In light of our ruling in the second assignment of error, we find this assignment of error is premature. Therefore, the third assignment of error is overruled.
 {¶ 26} In the fourth assignment of error, Funderburk argues that the registration requirements of R.C. 2950.05 violate a number of his constitutional rights. However, he acknowledges that State v.Williams, 88 Ohio St.3d 513, 2000-Ohio-428, *Page 12 728 N.E.2d 342, determined that R.C. 2950.05 is constitutional, but he continues to argue that the address registration requirement violates his federal and state constitutional rights.
 {¶ 27} As Funderburk admits, this issue has previously been addressed in Williams, where the Ohio Supreme Court held that R.C. Chapter 2950 is constitutional and does not violate the Double Jeopardy, Bill of Attainder, and Equal Protection Clauses of the United States and Ohio Constitutions. See, also, State v. Selinka, Cuyahoga App. No. 89248,2007-Ohio-6983.
 {¶ 28} Therefore, the fourth assignment of error is overruled.
 {¶ 29} Accordingly, judgment is affirmed in part, reversed in part, and the case is remanded for a new sexual predator hearing consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, PRESIDING JUDGE ANTHONY O. CALABRESE, JR., J., and *Page 13 
KENNETH A. ROCCO, J., CONCUR
[1] The three GSI counts carried a sexually violent predator specification.
[2] L.T. was 13 years old at the time of trial. After voir dire examination, the court ruled that she was competent to testify.
[3] Funderburk was on probation for that conviction.
[4] "[T]he trial court is not required to `tally up or list the statutory factors in any particular fashion.'" State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293, quoting State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes (2001),143 Ohio App.3d 86, 757 N. E.2d 413. And a court has discretion to determine what weight, if any, it will assign to each factor. Wilson at ¶ 19. *Page 1