Cupp, J.,
dissenting.
{¶ 92} I respectfully dissent.
*287 {¶ 93} The lead opinion errs, in my view, in holding that the reclassification sections of 2007 Am.Sub.S.B. No. 10 and the consequent change in registration and reporting requirements for offenders previously classified under prior law violate the separation-of-powers doctrine and, therefore, render new sections R.C. 2950.031 and 2950.032 unenforceable.
{¶ 94} The lead opinion’s premise is that because a sex-offender classification under Megan’s Law is included within the defendant’s criminal judgment (along with the conviction and sentence for the underlying crime) or in a separate entry (e.g., when the sex-offense conviction predated Megan’s Law), the classification is a final judgment that the General Assembly may not overturn or vacate by legislative mandate.
{¶ 95} It is true that the General Assembly may not overturn a final judgment at law by legislative mandate. Plaut v. Spendthrift Farm, Inc. (1995), 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328; Gompf v. Wolfinger (1902), 67 Ohio St. 144, 152, 65 N.E. 878. But to characterize S.B. 10 as “reopening” a final judgment is, I believe, inaccurate. S.B. 10 does not upend the original conviction and sentence. They remain in place.
{¶ 96} Instead, S.B. 10 applies a new, different system of sex-offender classification to the fact of the criminal conviction. What this court said in describing the then new, different classification system in the amended Megan’s Law also holds true for S.B. 10. In State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 34, we observed that “an offender’s classification as a sexual predator is a collateral consequence of the offender’s criminal acts rather than a form of punishment per se.” (Emphasis added.)
{¶ 97} In this case, the manner in which appellants’ sex-offender classifications were effected under the prior law does not support the lead opinion’s conclusion that they constituted a final judicial judgment. The trial court declared appellant Bodyke to be a “sexually oriented offender,” which was reflected in his sentencing judgment. Appellant Phillips was convicted and sentenced before the effective date of Megan’s Law. After that law went into effect, the trial court notified Phillips that it would consider whether to classify him as a sexual predator. No hearing was held in Phillips’s case to determine if he was a predator, because the state informed the trial court by motion that it did not seek to classify Phillips as a sexual predator. Phillips thus remained a “sexually oriented offender” by virtue of his criminal conviction. See State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 16. Appellant Schwab was declared to be a habitual sexual offender without community-notification requirements, which was memorialized in his sentencing entry. The sentencing entry for Schwab states that “[t]he Defendant and the State jointly stipulated that the Defendant is an habitual Sexual Offender.”
*288 {¶ 98} As this court has noted, under Megan’s Law, conviction of a sexually-oriented offense “automatically conferred on [the offender] the status of a sexually oriented offender,” and the registration requirement “is mandated by law.” State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 16. In Hayden, we rejected the argument that a sexually oriented offender was entitled to a hearing to determine his status. As we said in Hayden, in regard to a sexually oriented offender under Megan’s Law, “ ‘[t]he trial court cannot “determine” anything. It merely engages in the ministerial act of rubber-stamping the registration requirement on the offender.’ ” Id. S.B. 10’s classification of sex offenders into Tiers I, II, and III, operates in the same way — the tiers are automatically assigned by operation of law based on the crime of which the offender was convicted and not upon a judicial determination.
{¶ 99} Thus, for example, reclassification of Bodyke as a Tier III offender under S.B. 10 did not change a prior judicial determination that Bodyke was a sexually oriented offender under prior law, because that designation attached as a matter of law. Reflecting that designation in the sentencing judgment entry merely served to give the offender notice of the consequences of his conviction. See Smith v. Doe (2003), 538 U.S. 84, 96, 123 S.Ct. 1140, 155 L.Ed.2d 164 (“Although other methods of notification [of sex offender registration requirements] may be available, it is effective to make it part of the plea colloquy or the judgment of conviction”).
{¶ 100} The offender’s classification under prior law, which the lead opinion extols as an inviolate final judgment, instead is in effect a statutorily mandated notice, involving a matter collateral to the criminal sentence, inserted by statutory direction into the criminal sentence as a matter of convenience.
{¶ 101} It is for good reason, then, that nearly all the courts of appeals to have considered a separation-of-powers challenge like the one the lead opinion sustains here have rejected such a challenge. See, e.g., Sewell v. State, 181 Ohio App.3d 280, 2009-Ohio-872, 908 N.E.2d 995 (1st Dist.); State v. Barker, 2d Dist. No. 22963, 2009-Ohio-2774, 2009 WL 1653013; Holcomb v. State, 3d Dist. Nos. 8-08-23 to 8-08-26, 2009-Ohio-782, 2009 WL 427616; State v. Randlett, 4th Dist. No. 08CA3046, 2009-Ohio-112, 2009 WL 81325; State v. Byers, 7th Dist. No. 07 CO 39, 2008-Ohio-5051, 2008 WL 4416519; State v. Ettenger, 11th Dist. No. 2008-L-054, 2009-Ohio-3525, 2009 WL 2136928; State v. Williams, 12th Dist. No. CA2008-02-029, 2008-Ohio-6195, 2008 WL 5052748. But see Ettenger, ¶ 86-96 (Grendell, J., concurring in judgment only) (opining that S.B. 10 violates separation of powers by vacating final judgment orders).
{¶ 102} Rather than directing courts to reopen prior judicial judgments and empowering an executive officer to rejudge defendants’ sex-offender registration, classification, and reporting requirements, S.B. 10 repealed the law that required *289 the notice of classification and registration to be inserted in the sentence at sentencing. In the same bill, the General Assembly enacted a new classification and registration framework to be applied both to future convictions and (as at issue here) to existing convictions. As a consequence, the notices in the sentencing entries relate to classifications under the prior law that do not exist in the current law (e.g., habitual offender, sexual predator), because the underlying law has been repealed and replaced with another set of classifications (Tiers I, II, and III) and accompanying requirements.
{¶ 103} Rather than burden the courts with sifting the hundreds or thousands of sex offenders to which new and different requirements apply, the General Assembly assigned that administrative task to an executive officer, the attorney general. For the reasons explained above, however, this task neither requires nor permits the attorney general to open, overturn, or otherwise disturb the final judgments of conviction and sentence of any offender. Finally, S.B. 10 makes the attorney general’s determination subject to an appeal to a trial court by a reclassified offender to ensure that the reclassification accords with the new law.
{¶ 104} Thus, the lead opinion misapprehends both the intent and effect of the reclassification mechanism employed by the General Assembly in S.B. 10. Because it does not work a legislatively mandated reopening of a final court decision, for the reasons set out above, it also does not offend the fundamental purpose and requirements of the separation-of-powers doctrine.
{¶ 105} I also agree with Justice O’Donnell’s point that the lead opinion’s disposition of this case on separation-of-powers grounds renders unnecessary any consideration of the extent to which stare decisis applies to constitutional claims. Because the lead opinion does not address the constitutional claims raised by appellants (other than separation of powers), there is no need for the court to delve into whether stare decisis requires us to reject the constitutional challenges to S.B. 10 on the authority of State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; State v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342; and State v. Ferguson, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110. Those decisions rejected constitutional challenges to Megan’s Law (Cook and Williams) and the S.B. 5 amendments to that law {Ferguson). Our prior cases upholding Megan’s Law and its amendments did not address a separation-of-powers issue as has been presented in this case. Consequently, the lead opinion’s ruling in this case does not implicate the test for overruling precedent contained in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. Nor does its discussion, which is dicta, settle the issue.
{¶ 106} Because the lead opinion’s decision does not rule on the remaining constitutional claims of appellants, I also decline to address them.
*290 Russell V. Leffler, Huron County Prosecuting Attorney, for appellee.
Gamso, Helmick & Hoolahan and Jeffrey M. Gamso; and Hiltz, Wiedemann, Allton & Koch Co., L.P.A., and John D. Allton, for appellants.
Jones Day, Elizabeth C. Radigan, and Louis A. Chaiten, urging reversal for amici curiae Iowa Coalition Against Sexual Assault, Association for the Treatment of Sexual Abusers, Jacob Wetterling Resource Center, Detective Robert A. Shilling, California Coalition Against Sexual Assault, Texas Association Against Sexual Assault, and National Alliance to End Sexual Violence.
Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin and Cullen Sweeney, Assistant Public Defenders, urging reversal for amicus curiae Cuyahoga County Public Defender.
Ian N. Friedman & Assoc., L.L.C., and Ian N. Friedman, urging reversal for amicus curiae Ohio Association of Defense Lawyers.
Timothy Young, Ohio Public Defender, and Kelly K. Curtis and Katherine A. Szudy, Assistant Public Defenders, urging reversal for amicus curiae Ohio Public Defender.
William D. Mason, Cuyahoga County Prosecuting Attorney, and Mary H. McGrath, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Cuyahoga County Prosecuting Attorney.
Ron O’Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, urging affirmance for amicus curiae state of Ohio.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, David M. Lieberman, Deputy Solicitor, Christopher P. Conomy, Assistant Solicitor, and James A. Hogan, urging affirmance for amicus curiae Ohio Attorney General.