OPINION
{¶ 1} Defendant-appellant, Deborah Pryor, appeals the decision of the Clermont County Court of Common Pleas granting summary judgment in favor of the estate of Terry D. Pryor, deceased. *Page 2 
 {¶ 2} This action began when Pennsylvania Life Insurance Company ("Pennsylvania Life") filed a complaint in interpleader in the trial court seeking the court's determination as to who was the rightful beneficiary of a life insurance policy owned by Terry D. Pryor ("Pryor"). Pryor's former wife (appellant) and his estate both claimed that they were entitled to the proceeds of the policy.
 {¶ 3} Pryor purchased the policy in 1993 and named appellant, his then wife, as the sole beneficiary of the policy. Appellant was also a secondary insured on the policy. In 1995, appellant and Pryor were divorced. With regard to insurance policies, their separation agreement provided that "unless and except as otherwise provided herein, each of the parties agree that the other, after execution of this Agreement, shall have the right to make any changes in his or her respective insurance policies, including * * * change of his or her beneficiary, increasing or decreasing the coverage amount, or cancellation of such policy." Pryor never removed appellant as the beneficiary of his life insurance policy after he divorced her.
 {¶ 4} In September 2005, Pryor died. Following Pryor's death, appellant submitted a statement for life and accidental death benefits to Pennsylvania Life, stating she was the beneficiary of the policy. Defendants-appellees, George Pattison and David Grimes, in turn, notified Pennsylvania Life that they were the co-administrators of the estate, and that as a result of the divorce, appellant was no longer the beneficiary of the policy. Pattison, then, made a claim for the death benefits under the policy on behalf of the estate.
 {¶ 5} After Pennsylvania Life filed a complaint in interpleader, the co-administrators moved for summary judgment on the ground that pursuant to R.C. 1339.63(B)(1), appellant's status as the beneficiary of the policy was revoked upon her *Page 3 
divorce from Pryor, and thus, the estate was the beneficiary of the policy. Pennsylvania Life was subsequently dismissed from the lawsuit upon depositing the insurance proceeds ($39,870) with the trial court.
 {¶ 6} On August 24, 2006, the trial court granted summary judgment in favor of the estate. Applying R.C. 1339.63(B)(1), the trial court found that following her divorce, appellant was no longer the beneficiary of the policy, and that the estate, instead, was the proper beneficiary of the policy. Appellant appeals,[1] raising the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE ESTATE OF TERRY PRYOR."
 {¶ 8} R.C. 1339.63(B)(1) provides, in relevant part, that "[u]nless the designation of the beneficiary or the judgment or decree granting the divorce * * * specifically provides otherwise, * * * if a spouse designates the other spouse as beneficiary * * *, and if * * * the spouse who made the designation * * * is divorced from the other spouse, * * * then the other spouse shall be deemed to have predeceased the spouse who made the designation * * *, and the designation of the other spouse as a beneficiary is revoked as a result of the divorce[.]"[2] (Emphasis added.) R.C. 1339.63 became effective May 31, 1990. Insurance contracts entered into after R.C. 1339.63's effective date are subject to its provisions. In re Estate of Holycross, 112 Ohio St.3d 203, 2007-Ohio-1, syllabus. Because Pryor purchased his policy in 1993, R.C. 1339.63
applies to the policy. Id. *Page 4 
 {¶ 9} In her assignment of error, appellant challenges the trial court's finding that by operation of R.C. 1339.63(B)(1), her status as the beneficiary of the policy was revoked as a result of her divorce. Appellant argues that R.C. 1339.63(B)(1) applies to revoke a former *Page 5 
spouse as the beneficiary of an insurance policy only when there is absolutely no mention of insurance policies within a divorce or dissolution decree. Appellant contends that because the separation agreement specifically referred to the spouses' insurance policies, R.C.1339.63(B)(1) does not apply to the case at bar, and thus, she is the rightful beneficiary of the policy. We disagree.
 {¶ 10} "R.C. 1339.63 provides that ending a marriage by divorce, dissolution, or annulment automatically revokes the designation of a spouse as beneficiary to an insurance policy owned by the other spouse,unless the beneficiary designation or the divorce decree or judgmentspecifically provides otherwise." Holycross, 2007-Ohio-1 at ¶ 12. "Specifically" is defined as "in a specific manner; explicitly, particularly, definitely." Black's Law Dictionary (5th Ed. 1979) 1254. "Specify" is defined as "to mention specifically; to tell in full and explicit terms; to tell or state precisely or in detail[.]" Id. at 1255. Applying these definitions to the phrase "specifically provides otherwise" in R.C. 1339.63(B)(1), we find that under R.C. 1339.63(B)(1), a divorce automatically revokes the designation of a spouse as a beneficiary to an insurance policy unless the deceased explicitly provided in the insurance policy that the spouse was to remain a beneficiary after the divorce, or the divorce decree or judgment explicitly indicates the parties' intent to keep the spouse as the beneficiary.
 {¶ 11} Although the issue in Aetna Life Ins. Co. v. Schilling,67 Ohio St.3d 164, 1993-Ohio-231, was whether R.C. 1339.63, as applied to life insurance contracts entered into before the effective date of the statute, unconstitutionally impaired the obligation of contracts, we find that the following language used by the Ohio Supreme Court supports our decision: "The effect of R.C. 1339.63 is to nullify a husband's or wife's designation of his or her spouse as the beneficiary of death benefits payable *Page 6 
under contract where the marital relationship was terminated after the designation was made and if the designation or the judgment or decree of divorce, dissolution, or annulment does not specifically provide otherwise. * * * Lawrence's designation of appellant as beneficiary would be revoked by operation of R.C. 1339.63, since Lawrence and appellant were divorced after the designation was made, and no specific provisionwas contained in the divorce decree or the beneficiary designationto specifically avoid the effect of the statute." Id. at 167. (Emphasis added.)
 {¶ 12} In the present case, there is no provision in the beneficiary designation that appellant was to remain a beneficiary in the event of a divorce. As noted earlier, the Pryors' separation agreement (which was incorporated in the divorce decree) contained the following provision with regard to insurance policies: "each of the parties agree that the other, after execution of this Agreement, shall have the right to make any changes in his or her respective insurance policies, including * * * change of his or her beneficiary, increasing or decreasing the coverage amount, or cancellation of such policy." Unlike appellant, we find that the separation agreement does not "specifically provide otherwise," as required under R.C. 1339.63(B)(1). The separation agreement does not explicitly designate appellant as the beneficiary of the policy following the divorce, nor does it plainly and explicitly indicate the Pryors' intent to keep appellant as the beneficiary following the divorce. Rather, the separation agreement simply and in general terms allows either spouse to make "any changes in [their] respective insurance policies, including [a] change of * * * beneficiary." This is insufficient to demonstrate a specific intent to keep appellant as the beneficiary of the policy.
 {¶ 13} We cannot ignore the legislature's use in R.C. 1339.63(B)(1) of the term "specifically" which modifies the phrase "provides otherwise." In addition, all persons *Page 7 
are "conclusively presumed to know the law." Holycross, 2007-Ohio-1
at ¶ 27. We must therefore presume that Pryor was aware that R.C.1339.63(B)(1) would apply if he and appellant ever got a divorce.
 {¶ 14} Applying R.C. 1339.63(B)(1) to the case at bar, we find that appellant must be deemed to have predeceased Pryor, and that the designation of appellant as the beneficiary of the policy was revoked as a result of their divorce. The trial court, therefore, did not err by finding that the estate of Terry D. Pryor is the proper beneficiary of the policy and by granting summary judgment in favor of the estate. Appellant's assignment of error is overruled.
 {¶ 15} Judgment affirmed.
BRESSLER and WALSH, JJ., concur.
[1] Following the parties' oral arguments before this court, we asked the parties to file a supplemental brief addressing "whether or not appellant Deborah Pryor's status as Secondary Insured under the Pennsylvania Life Insurance Policy at issue affects the applicability of R.C. 1339.63(B)(1)." We note that the issue was not raised at the trial court level or in the parties' appellate briefs but was briefly addressed during oral arguments. Upon reviewing the parties' respective arguments in their supplemental briefs, we find that appellant's status as a secondary insured under the policy purchased by Pryor does not affect the applicability of R.C. 1339.63(B)(1) to the policy.
[2] R.C. 1339.63 was recodified as R.C. 5815.33 by 2006 H 416, effective January 1, 2007. *Page 1