[Cite as *Motorist Life Ins. Co. v. Sherbourne*, 2014-Ohio-5205.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

MOTORISTS LIFE INS. CO.,

    PLAINTIFF-APPELLEE,

    v.                                  CASE NO.  1-14-17

PATRICIA SHERBOURNE,

    DEFENDANT-APPELLANT,
    -AND-                              O P I N I O N

CHARLES E. MURRAY, ET AL.

    DEFENDANTS-APPELLEES.

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CV20140069**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  November 24, 2014**

---

APPEARANCES:

    *James C. King* **for Appellant**

    *Bruce A. Curry*  **for Appellee, Motorists Life Ins. Co.**

    *David E. Bowers*  **for Appellee, Charles E. Murray**

    *Jerry M. Johnson*  **for Appellee, T.R. Chiles & Sons-Laman**

**SHAW, J.**

{¶1} Defendant-appellant, Patricia Sherbourne ("Patricia") appeals the May 30, 2014 judgment of the Allen County Court of Common Pleas overruling her motion for summary judgment and granting the motion for summary judgment filed by defendant-appellee, Charles E. Murray ("Charles"). As a result of the trial court's ruling, the proceeds of two life insurance policies owned by the decedent, William R. Murray ("William"), were ordered distributed to Charles and defendant-appellee, T.R. Chiles & Sons-Laman Funeral Home ("Chiles & Sons"). The proceeds totaling $165,216.80 were deposited with the trial court by plaintiff-appellee, Motorists Life Insurance Company ("Motorists") pending the trial court's determination of this matter.

{¶2} The facts of this case are undisputed by the parties. William and Patricia were married on October 21, 1989. William bought two policies insuring his life from Dennis Rockhold ("Rockhold"), a duly licensed servicing agent for the sale of life insurance policies for Motorists.[1] On June 15, 2002, William designated Patricia as the sole beneficiary of both policies. There was no contingent or successor beneficiary designated.

{¶3} On April 16, 2004, William and Patricia divorced. The divorce decree did not mention the Motorists policies and William did not change his beneficiary

---

[1] Specifically, William purchased policy number 9107553570 with a death benefit of $150,000 and policy number 9107554020 with a death benefit of $15,880.

designation of Patricia on the policies. William subsequently had three separate post-divorce discussions with Rockhold regarding his designation of Patricia as beneficiary on the policies. On each occasion, William indicated that he wanted to retain Patricia as the beneficiary on both policies. During the course of this litigation, Rockhold's notes from William's client file contemporaneously memorializing his conversations with William were submitted as evidence.

{¶4} The first post-divorce discussion took place on September 1, 2005, at which time Mr. Rockhold noted in writing that William stated he wanted to keep his beneficiary designation of Patricia the same.

{¶5} The second post-divorce discussion between Rockhold and William occurred on September 1, 2011. During this conversation, William indicated that he still wanted to keep Patricia as his beneficiary on the policies. Rockhold's notes in William's client file specifically stated that "[William] told me that Pat was the best thing that ever happened to him. He was sorry he put her through the stuff he did." (Doc No. 13, Rockhold Aff. at 2, Ex. A-2).

{¶6} The third post-divorce conversation Rockhold had with William took place on September 12, 2012. At this time, Rockhold again inquired as to whether William wanted to retain Patricia as the beneficiary of the policies. Rockhold's notes stated the following, "asked him about Pat being a bene[ficiary] and he said yes keep it that way." (Doc. No. 13 Rockhold Aff. at 2, Ex. A-3).

{¶7} Nearly a year later, on September 3, 2013, William died. William's son, Charles, was appointed as the acting fiduciary of William's estate and in that capacity made a claim to Motorists asserting that the proceeds of the two life insurance policies were payable to William's estate.

{¶8} On September 23, 2013, Charles and his siblings executed an Insurance Proceeds Assignment to Chiles & Sons in the amount of $13,516.28 for William's funeral arrangements.

{¶9} On February 3, 2014, Motorists initiated this action by filing a complaint in interpleader naming Patricia, Charles, and Chiles & Sons as defendants. In its complaint, Motorists acknowledged the competing claims for the proceeds made by the defendants and stated that it "cannot safely determine the proper beneficiary." (Doc. No. 1 at 3). Motorists further admitted "that it owes and is ready and willing to pay the proceeds from the Policies, adjusted for accrued interest, loans, etc. in accordance with the terms of the Policies in such amounts and to whichever defendant(s) as the Court shall designate." (Id.). Accordingly, Motorists requested the trial court authorize it to deposit the proceeds from the policies with the court and discharge it from any further liability under the policies. The trial court subsequently approved Motorists' request to deposit the proceeds of the policies in the amount of $165,216.80.

{¶10} Each defendant timely filed answers in the case. On March 21, 2014, Charles filed a motion for summary judgment asserting that pursuant to R.C. 5815.33(B)(1), the termination of Patricia and William's marriage automatically revoked William's designation of Patricia as the beneficiary of the life insurance policies at issue. Chiles & Sons filed a response in support of Charles' motion for summary judgment.

{¶11} On April 21, 2014, Patricia filed a motion for summary judgment asserting that R.C. 5815.33(B)(1) did not preclude her from being entitled to the policies' proceeds because William had on at least three separate occasions post-divorce affirmed his intent to his insurance agent to retain her as the beneficiary of the policies. Patricia submitted an affidavit from Rockhold and a copy of his notes from William's client file in support of her motion for summary judgment.

{¶12} On May 30, 2013, the trial court issued a ruling granting Charles' motion for summary judgment and overruling Patricia's motion for the same. In rendering its decision, the trial court determined that because William's explicit intent to retain or re-designate Patricia as his beneficiary after the divorce was not stated in either the divorce decree or in the insurance policies, William's original designation of Patricia was automatically revoked under the terms of R.C. 5815.33(B)(1). Accordingly, the trial court ordered the life insurance proceeds be disbursed to Charles and Chiles & Sons.

**{¶13}** Patricia filed this appeal, asserting the following assignment of error.

> **THE TRIAL COURT ERRED IN GRANTING DEFENDANT CHARLES MURRAY'S MOTION FOR SUMMARY JUDGMENT BASED SOLELY ON THE APPLICATION OF OHIO REV. CODE § 5815.33(B)(1) AND IN OVERRULING DEFENDANT PATRICIA SHERBOURNE'S MOTION FOR SUMMARY JUDGMENT AS THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AND DEFENDANT SHERBOURNE WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

**{¶14}** In her sole assignment of error, Patricia argues that the trial court erred in overruling her motion for summary judgment. Specifically, Patricia maintains that the trial court erroneously concluded that R.C. 5815.33(B)(1) precluded her from being entitled to William's life insurance proceeds when it was uncontroverted that William repeatedly affirmed his designation of her as his sole beneficiary on the policies after they divorced.

**{¶15}** This Court reviews a grant of summary judgment de novo, without any deference to the trial court. *Conley–Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (6th Dist.1998). A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence

construed most strongly in his favor.  Civ.R. 56(C); *see Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995–Ohio–286, paragraph three of the syllabus.

{¶16} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond."  *Mitseff v. Wheeler*, 38 Ohio St.3d 112, syllabus (1988).  The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996–Ohio–107.  Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue which that party bears the burden of production at trial.  *See* Civ.R. 56(E).

{¶17} Initially, we note that the Supreme Court of Ohio has held that by filing an interpleader action, an insurance company waives all of the insurance policy's requirements.  *Rindlaub v. Traveler's Ins. Co.*, 175 Ohio St. 303 (1963). Specifically in *Rindlaub*, the Court stated that

> **[w]here an insured during his lifetime communicated to the insurer his clearly expressed intent to name certain new beneficiaries and the insurer has interpleaded and deposited the policy proceeds in court, such expressed intention of the insured will be determinative of the right of contesting claimants to the policy proceeds, notwithstanding the absence of the written approval by the insurer required by the provisions of the policy.**

*Rindlaub v. Traveler's Ins. Co.*, 175 Ohio St. 303 (1963), syllabus paragraph two; *Atkinson v. Metropolitan Life Ins. Co.*, 114 Ohio St. 109 (1926), syllabus paragraph four. Recently, the Supreme Court of Ohio re-affirmed its decision in *Rindlaub* and the "clearly expressed intent" test, articulating that the controlling factor to be considered in an interpleader beneficiary action is the clear intent of the decedent. *LeBlanc v. Wells Fargo Advisors*, L.L.C., 134 Ohio St.3d 250, 2012–Ohio–5458, ¶ 46 (2012). Therefore, any question the parties may have regarding William's compliance with Motorists' beneficiary designation procedures is irrelevant as those requirements have been waived as a result of Motorists filing this interpleader action. Consequently, the only issue left to determine is whether, under the provisions of R.C. 5815.33(B)(1), the record is sufficient to establish that after their divorce William communicated to Motorists his clearly expressed intent to name Patricia as the beneficiary of the policies.

{¶18} Specifically, we must determine whether of R.C. 5815.33(B)(1) operates to preclude Patricia's entitlement to the insurance proceeds as a matter of law, as found by the trial court, because William's expression of intent was not included in either the divorce decree or in the insurance policies. R.C. 5815.33(B)(1) states as follows:

> ***Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise***, **and subject to division (B)(2) of this section, if a spouse designates the other spouse as a**

**beginning or if another person having the right to designate a beneficiary on behalf of the spouse designates the other spouse as a beneficiary, and if, after either type of designation, the spouse who made the designation or on whose behalf the designation was made, is divorced from the other spouse, obtains a dissolution of marriage, or has the marriage to the other spouse annulled, then the other spouse shall be deemed to have predeceased the spouse who made the designation or on whose behalf the designation was made, and the designation of the other spouse as a beneficiary is revoked as a result of the divorce, dissolution of marriage, or annulment.**

(Emphasis added).

{¶19} Notably, the statute does not define or explain the term "designation of beneficiary" and the statute does not make any reference to an "insurance policy" in its language. However, in finding Patricia was not entitled to the proceeds, it is apparent that the trial court construed the statutory language "[u]nless the designation of beneficiary * * * specifically provides otherwise * * * " to *require* that the insured's express intent for the former spouse to remain as the beneficiary after the divorce to be *explicitly included in the insurance policies at issue in this case*. (Doc. No. 18 at 5-6). In fact, the trial specifically found the affidavit and notes of Rockhold evidencing William's communications with Rockhold expressing his intent that Patricia remain as the beneficiary on the policies after the divorce to be "insufficient" as a matter of law under R.C. 5815.33(B)(1) in essence, *because there was no written statement of that intent included in the insurance policies*. (Id. at 6).

{¶20} In its decision, the trial court relied on an opinion from the Twelfth Appellate District, *Pennsylvania Life Ins. Co. v. Pattison*, 12th Dist. Clermont No. CA2006-09-073, 2007-Ohio-2703. In *Pattison*, the separation agreement between the decedent and his former spouse provided that "unless and except as otherwise provided herein, each of the parties agree that the other, after execution of this Agreement, shall have the right to make any changes in his or her respective insurance policies, including * * * change of his or her beneficiary, increasing or decreasing the coverage amount, or cancellation of such policy." *Id*. at ¶ 3. The decedent never removed his former spouse as the beneficiary of his life insurance policy after he divorced her and died several years later. The former spouse argued that the language of R.C. 1339.63(B)(1)[2] did not automatically revoke the decedent's designation of her as the beneficiary because the separation agreement specifically referred to the insurance policies. *Id*. at ¶ 9. The court in *Pattison*, analyzed the "specifically provides otherwise" language in the statute and determined that the provision in the separation agreement, which was also incorporated into the divorce decree, failed to meet the statutory requirement because it "does not explicitly designate appellant as the beneficiary of the policy following the divorce, nor does it plainly and explicitly indicate the [divorcing

---

[2] R.C. 1339.63(B)(1) was recodified as R.C. 5815.33(B)(1) in 2007. The statutory language remained the same.

couple's] intent to keep appellant as the beneficiary following the divorce." *Id*. at ¶ 12.

**{¶21}** Even though the issue and judgment in *Pattison* only involved the portion of the statute addressing the expression of the insured's intent in the divorce decree, the court nevertheless went on to further opine in *dicta* that "a divorce automatically revokes the designation of a spouse as a beneficiary to an insurance policy *unless the deceased explicitly provided in the insurance policy* that the spouse was to remain a beneficiary after the divorce * * *." *Id.* at ¶ 10 (Emphasis added).

**{¶22}** At the outset, we would note that in *Pattison*, there was no evidence in the record of the decedent's intent to keep his former spouse as the beneficiary of the insurance policy, which is clearly distinguishable from the repeated post-divorce communications to the insurance agent in the case *sub judice*. More importantly, however, it is unclear to us why the court in *Pattison* imposes what appears to be an additional statutory requirement, *unless the deceased explicitly provided in the insurance policy* when the statutory language simply states "[u]nless the designation of beneficiary * * * specifically provides otherwise * * *."

**{¶23}** As noted earlier, R.C. 5815.33(B)(1) does not define the phrase "designation of beneficiary," does not mention the phrase "insurance policy" and

does not specify that the "designation of beneficiary" refers only to a designation of beneficiary clause in a particular insurance policy. Nor does the statute contain any language which would preclude the phrase "designation of beneficiary" from including a specific request or instruction by the insured to the insurance company as opposed to a clause in the policy itself. Nor does the statute provide any guidance as to whether such a request, instruction or "designation" by the insured must be in writing or whether such a designation must meet some other requirement in the insurance policy as to when the insurance company might deem the "designation" to be effectively accomplished or acknowledged to their satisfaction.

{¶24} Finally, where the insurance policy already "provides" a designation of beneficiary naming the former spouse, the statute does not address whether an insurance policy must simply "provide" a designation of beneficiary that can somehow be shown to post-date the divorce—and if so, exactly how that is to be established—or whether in fact, the policy must contain some actual explanation of the express intent to re-designate the original beneficiary after the divorce, in order to fulfill the statutory requirement of "specifically provide otherwise."

{¶25} We have previously concluded that Motorists waived any defense regarding William's compliance with the insurance policy procedures when it initiated this action. However we would note that even in the absence of waiver,

reliance on the terms of any given insurance policy to answer the foregoing questions, does not seem likely to resolve the ambiguities in any clear or consistent way. For example, the policies at issue in this case appear to both permit, but not necessarily require, a designation of beneficiary request to be in written form. Although both policies appear to indicate that the designation request will ultimately be effective on the date it is signed, one policy seems to give effect to a new designation only "if we acknowledge receipt in writing." (Policy No. 9107553570 at 7).

{¶26} Neither policy is clear at what point the designation, once accepted by them, would actually appear in the insurance policy itself. And nothing in either policy seems to acknowledge or set any special protocol for the circumstances addressed in R.C. 5815.33(B)(1)—which likely explains why Motorists itself appears willing to concede that in this instance, Williams' repeated and clearly expressed intent to have Patricia remain the beneficiary on the policies after the divorce, as communicated to and memorialized by their authorized agent, could not be shown to be contrary to either its own policy provisions or to the language of the statute.

{¶27} For all of the foregoing reasons, it is our conclusion that by judicially inserting language into R.C. 5815.33(B)(1) which would require us to recognize the "designation of beneficiary" referred to in the statute only when and if it

appears as a provision within a particular insurance policy, we would inevitably open the door and be bound in each case to the nuances of each individual insurance policy as to the effective means of changing a beneficiary to the satisfaction of a particular insurance company as our only remaining method of statutory construction. We find this to be inconsistent with effective judicial process and entirely unnecessary to our decision given the circumstances of this case.

{¶28} In sum, we do not concur with the reasoning of the trial court finding the uncontroverted evidence of William's post-divorce confirmations of his intent to keep Patricia as the beneficiary of the policies to be "insufficient," especially in light of the "clearly expressed intent" rule articulated by the Supreme Court of Ohio. *See Rindlaub* and *LeBlanc*, *supra.*

{¶29} Accordingly, we conclude that the trial court erred in granting Charles' motion for summary judgment. We hold that where there is uncontested evidence of the insured's clearly expressed intent to retain a former spouse as the beneficiary on an insurance policy after the divorce, as in this instance, R.C. 5815.33(B)(1) does not operate to preclude the former spouse from being entitled to the insurance policy proceeds as a matter of law. We note that our decision is consistent with the Supreme Court of Ohio's acknowledgment of "the policy behind the enactment of R.C. 1339.63 [now R.C. 5815.33(B)(1)] might have been

to remedy the mistake of a spouse who inadvertently fails to remove the ex-spouse as a beneficiary to a life insurance policy" given that there is no evidence in this case that William made this mistake. *In re Estate of Holycross*, 112 Ohio St.3d 203, 208, 2007-Ohio-1, ¶ 24.

**{¶30}** Therefore, we also find that the trial court's overruling of Patricia's motion for summary judgment was in error and that summary judgment in Patricia's favor is appropriate and should be granted by the trial court on remand.

**{¶31}** Based on the foregoing discussion, the assignment of error is sustained and the judgment of the trial court is reversed and the cause remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON, J., concurs.**
**ROGERS, J., concurs in Judgment Only.**

**/jlr**